UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE SIXTOS CHAVEZ; JUAN MANUEL HERNANDEZ DIAZ; and JESUS HERRERA TORRES,<br><br>Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; Executive Office for Immigration Review; PAM BONDI, U.S. Attorney General; TODD LYONS, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); GREGORY J. ARCHAMBEAULT, Director, San Diego Field Office, Immigration and Customs Enforcement; CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center,<br><br>Respondents. | Case No.: 3:25-cv-02325-CAB-SBC<br><br>**ORDER DENYING PETITIONERS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 9] |

Pending before the Court is Petitioners' Motion for Preliminary Injunction ("PI Motion"). [Doc. No. 9.] Petitioner's PI Motion introduces no new facts or arguments that the Court did not consider in denying Petitioner's motion for a temporary restraining order.

[Doc. No. 8.]  Indeed, Petitioners concede that they seek "the same relief" via their PI Motion in order to appeal to the Ninth Circuit.  [Doc. No. 9 at 7–8.]

The Court therefore **DENIES** Petitioners' PI Motion for the same reasons stated in the Court's denial of the motion for a temporary restraining order.[1]  [Doc. No. 8.]

**IT IS SO ORDERED.**

Dated:  November 6, 2025

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] In short, 8 U.S.C. § 1225(a)(1) expressly deems "[a]n alien present in the United States who has not been admitted" an "applicant for admission."  And 8 U.S.C. § 1225(b)(2) states that "an alien who is an applicant for admission . . . shall be detained" for a removal proceeding under 8 U.S.C. § 1229.  Petitioners do not contest that were present in the United States, nor that they have not been admitted.  They are thus applicants for admission under § 1225.