1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JOSE GUADALUPE SIXTOS CHAVEZ;          Case No.:  3:25-cv-02325-CAB-SBC
   | JUAN MANUEL HERNANDEZ DIAZ;
12 | and JESUS HERRERA TORRES,              **ORDER GRANTING PETITIONERS'**
13 |                          Petitioners,  **SECOND MOTION FOR A**
   |                                        **TEMPORARY RESTRAINING**
14 | v.                                     **ORDER**

15 | KRISTI NOEM, et al.,

16 |                          Respondents.  [Doc. No. 17]

17

18          Pending before the Court is Petitioners' second motion for a temporary restraining

19 order ("TRO").  [Doc. No. 17.][1]  Petitioners argue that they are members of the class

20 certified in *Maldonado Bautista v. Santacruz*, 5:25-CV-01873-SSS-BFM (C.D. Cal.) and

21 are therefore entitled to a bond hearing under 8 U.S.C. § 1226(a).  The Court agrees and

22 therefore **GRANTS** the motion for a TRO.

23
24
25
26
   _____
27
28 [1] Document numbers and page references are to those assigned by CM/ECF for the docket
   entry.

# I.    BACKGROUND

Petitioners Jose Guadalupe Sixtos Chavez and Jesus Herrera Torres[2] are both currently detained at the Otay Mesa immigration detention center. [Doc. No. 1 at 7]. Both Petitioners were arrested by Immigration and Customs Enforcement ("ICE") agents on August 22, 2025 in Pasadena, California. [*Id.*]. ICE charged each Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as being present in the United States without being admitted or paroled, and placed Petitioners in removal proceedings pursuant to 8 U.S.C. § 1229(a). [*Id.* at 6–7]. Respondents consider Petitioners under mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2). Petitioners previously challenged this decision, but this Court agreed with Respondents' interpretation of 8 U.S.C. § 1225(b)(2) and therefore denied Petitioners' initial motion for a TRO and preliminary injunction. [Doc. Nos. 8, 13.] Petitioners appealed the denial of a preliminary injunction, but have since voluntarily dismissed that appeal and filed a second motion for TRO based on the *Maldonado Bautista*'s class certification and entry of partial final judgment, which found unlawful Respondents' classification of noncitizens like Petitioners under § 1225(b)(2) and subject to mandatory detention. *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025); *see also* Doc. Nos. 14, 17–18.

# II.    LEGAL STANDARD

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136, 1142 (S.D. Cal. 2021). "A party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Under the *Winter* standard, a party is entitled to a preliminary

---

[2] Petitioner Juan Manuel Hernandez Diaz is no longer in federal custody. [Doc. No. 5 at 9, n.1.]

injunction if he demonstrates (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A party must make a showing on all four prongs. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (cleaned up).

Under the Ninth Circuit's "serious questions" test, "a 'sliding scale' variant of the *Winter* test," a party is "entitled to a preliminary injunction if it demonstrates (1) serious questions going to the merits, (2) a likelihood of irreparable injury, (3) a balance of hardships that tips sharply towards the [petitioner], and (4) the injunction is in the public interest." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (internal quotation marks omitted). "[I]f a [petitioner] can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the [petitioner's] favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, 865 F.3d at 1217 (internal quotation marks omitted).

## III.    DISCUSSION

The first *Winter* factor—likely success on the merits—is "the most important" and is a threshold inquiry. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Petitioners carry the burden of demonstrating a likelihood of success, or alternatively, showing "serious questions going to the merits." *See A Woman's Friend*, 901 F.3d at 1167; *All. for the Wild Rockies*, 865 F.3d at 1135.

Given the final judgment entered in *Maldonado Bautista*, we conclude that Petitioners have demonstrated a likelihood of success on their claim that they should be eligible for a bond hearing under § 1226(a) and therefore **GRANT** Petitioner's request for a TRO. Petitioners are members of the certified Bond Eligible Class in *Maldonado Bautista*, namely they are noncitizens who are in the United States without lawful status who entered the United States without inspection, were not apprehended upon arrival, and

were not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security made an initial custody determination. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025); *see* Doc. No. 17 at 8–9; Doc. No. 5 at 12.

The remaining three *Winter* factors also weigh in Respondents' favor. Without a bond hearing to which they are entitled by the final judgment in *Maldondo Bautista*, Petitioners will experience irreparable harm because "[d]eprivation of physical liberty by detention constitutes irreparable harm." *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018). The balance of equities and public interest also weigh in Petitioners' favor, especially where in numerous cases with similarly situated petitioners, Respondents have acknowledged that, pursuant to *Maldonado Bautista*, petitioners are detained under 8 U.S.C. § 1226(a) and entitled to a court order directing a bond hearing to be held. *E.g.*, *Osuna v. Casey*, No. 25CV3668-LL-MMP, 2026 WL 50755, at *1 (S.D. Cal. Jan. 7, 2026); *see also* Doc. No. 17 at 9 (listing cases).

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**IV.    CONCLUSION**

Based on the foregoing, Petitioners' second motion for a TRO is **GRANTED**.  The Court thus **ORDERS** that**:**

(1) Respondents release Petitioner Jose Guadalupe Sixtos Chavez on the conditions set by order of the immigration judge on December 31, 2025, including release on bond of $2,000, in the event that it was later determined that the immigration court had jurisdiction.  [Doc. No. 17-1 at 156.]

(2) Respondents provide Petitioner Jesus Herrera Torres with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its associated regulations by **January 23, 2026**.

(3) The parties must submit a joint status report on Petitioners' detention status by **January 28, 2026**.

It is **SO ORDERED.**

Dated:  January 15, 2026

Hon. Cathy Ann Bencivengo
United States District Judge